UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIGITELCOM LTD, TELCO, INC., KATEL
LLC, AND SOTEL LLC,

                    Plaintiffs/Claimants,

                  -vs-

TELE2 SVERIGE AB,

                    Defendant/Respondent.

Index No.:  12-Civ-3082 (RJS)

## DECLARATION OF JOHN FELLAS IN SUPPORT OF DEFENDANT'S APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

JOHN FELLAS, an attorney duly admitted to practice before this Court, hereby declares pursuant to 28 U.S.C. § 1746 as follows:

1.      I am a member of the Bar of this Court and of the law firm of Hughes Hubbard & Reed LLP ("Hughes Hubbard"), counsel of record for Defendant Tele2 Sverige AB ("Tele2").

2.      Plaintiffs DigiTelCom Ltd., TelCo, Inc., KATEL LLC, and SoTel LLC (collectively "Plaintiffs") initiated this action on December 20, 2011 by filing a motion to vacate and/or modify an arbitration award (the "Award") granted in favor of Tele2 by an International Center for Dispute Resolution (ICDR) arbitration tribunal (the "Tribunal"). Also on December 20, 2011, Plaintiffs submitted their Memorandum of Law in Support of Plaintiffs' Motion to Vacate Award of Arbitrators, along with 72 accompanying exhibits.  Tele2 filed its Cross-Motion to Confirm the Award and for Attorneys' Fees ("Motion for Attorneys' Fees) on February 15, 2012 and submitted its Memorandum of

Law in Opposition to Motion to Vacate and in Support of Cross-Motion to Confirm

Arbitration Award and For The Award of Attorneys' Fees.  In response to Tele2's

motion, Plaintiffs filed their Memorandum of Law in Opposition to Defendant's Motion

to Confirm Arbitration Award and in Further Support of Plaintiffs' Motion to Vacate on

March 16, 2012.  Tele2 replied on April 2, 2012 by submitting its Reply Memorandum in

Further Support of Cross-Motion to Confirm Arbitration Award and for the Imposition of

Attorneys' Fees.  Oral argument was held on June 5, 2012.

   3.  On July 25, 2012, this Court issued a Memorandum and Order (the

"Sanctions Order") denying Plaintiffs' Motion to Vacate, granting Tele2's Cross-Motion

to confirm the Award, and granting Tele2's Motion for Attorneys' Fees against Plaintiffs'

counsel Harris Beach LLP ("Harris Beach").  The Sanctions Order held that Tele2's

motion should be granted because, *inter alia*:

> Plaintiffs' representation of what facts were undisputed [during the
> arbitration proceedings] and, particularly its selective quoting of
> the agreement in question, are disingenuous at best. . . .
> Moreover . . . Plaintiffs do not cite any particular principle of law
> that the Tribunal is supposed to have ignored or any reason beyond
> pure speculation to conclude that the Tribunal was not fair and
> impartial. . . . This kind of petition serves only to cause the parties
> to incur unnecessary expense and delay the implementation of the
> Award.  Accordingly, Defendant's motion for attorneys' fees is
> granted.

(Sanctions Order at 10-11).

   4.  Pursuant to this Court's Sanctions Order granting Defendant's Motion for

Attorneys' Fees against Harris Beach and directing Tele2 to submit an application for

fees and costs[1], I make this Declaration to offer proof of the attorneys' fees and costs incurred and herein claimed by Tele2 as a result of the sanctionable conduct by Harris Beach found by this Court, which are summarized in the chart below, and to submit a proposed judgment, attached hereto as Exhibit 1.

5.      In connection with the preparation of this Declaration, I have reviewed the relevant arbitral and court record, together with Hughes Hubbard's billing and time records related to the firm's representation of Tele2.

6.      Hughes Hubbard handles many complex litigation cases such as this.  The billing rates set forth in this Declaration for Hughes Hubbard attorneys are, I believe, reasonable and consistent with the rates of most other comparable law firms in New York City for representing clients in this type of commercial litigation matter based in the District Court for the Southern District of New York.

7.      Tele2's counsel in the underlying arbitration was the Swedish law firm Mannheimer Swartling Advokatbyrå AB ("Mannheimer Swartling").  The arbitration proceedings took place between June 2009 and September 2011, when the Tribunal issued its Award in favor of Tele2.  Sixteen witnesses and experts submitted statements containing their direct testimony before the arbitration hearings, and of those, nine witnesses were examined at the arbitration hearings, which took place in New York over a three-day period in April 2011.  In total, the parties submitted to the Tribunal four pre-

---

1.   While the Court's order directed this application be submitted by August 6, 2012, the Court endorsed two letters extending Tele2's time to submit its attorneys' fees application – first extending it one week to August 13th, and then on August 7th, extending the briefing schedule for one month to permit the parties to discuss settlement.

hearing briefs totaling 203 pages, more than 200 exhibits, and 197 pages of post-hearing briefs.

8.	After the Award was rendered denying Plaintiffs' claims and ordering Plaintiffs to pay attorneys' fees, Plaintiffs moved to vacate that Award in this Court, and went so far as to ask this Court not just to vacate the Award, but to enter a ruling in favor of Plaintiffs and against Tele2, awarding damages to Plaintiffs.

9.	Tele2 had no choice but to oppose Plaintiffs' motion. Unfortunately, it could not retain Mannheimer Swartling – the firm that it had engaged in the underlying arbitration – since that firm is Swedish, with its head office in Stockholm. Thus, Tele2 engaged Hughes Hubbard & Reed, which has its head office in New York city.

10.	The primary members of the Hughes Hubbard team on this case consisted of me, Jennifer Alpern Hecht, and Daniel A. Grossman, all of whom are based in Hughes Hubbard's New York office.

11.	I joined Hughes Hubbard in 1988, and am currently a partner in the litigation department, and co-chair of the Arbitration and Alternative Dispute Resolution practice group. I have been lead counsel for Tele2 since January 2012, when Tele2 engaged me to work on this case following Plaintiffs' filing of their motion in the Southern District of New York. My standard hourly rate is $850 per hour. A copy of my biography from the Hughes Hubbard and Reed website is attached hereto as Exhibit 2.

12.	Ms. Hecht is a senior associate in Hughes Hubbard's litigation department who joined Hughes Hubbard in 1999. She participated in all phases of the litigation and was involved in research, reviewing the arbitration record, and drafting briefs and other written submissions and preparing for the oral argument. Her standard hourly rate is

$715 per hour. A copy of Ms. Hecht's biography from the Hughes Hubbard and Reed website is attached hereto as Exhibit 3.

13. Mr. Grossman is a junior Hughes Hubbard litigation associate who joined Hughes Hubbard in 2010. He was also involved in research, reviewing the arbitration record, and drafting written submissions and preparing for the oral argument. His standard hourly rate is $465 per hour. A copy of Mr. Grossman's biography from the Hughes Hubbard and Reed website is attached hereto as Exhibit 4.

14. Because Hughes Hubbard did not represent Tele2 in the underlying arbitration proceedings, my associates and I did not come to the case with any familiarity with the underlying record in the arbitration proceedings. We thus needed to familiarize ourselves with the underlying facts of the dispute, which required us to review at least some of the arbitration record, including briefs, witness statements, hearing transcripts, exhibits such as the underlying agreements, and the 117 page Award. This was particularly necessary in this case since much of Plaintiffs' attack on the Award rested on an argument that the arbitrators ignored evidence or made erroneous factual findings.

15. As this Court noted in the Sanctions Order, "Plaintiffs' challenge to the Award amounts to little more than an assault on the Tribunal's factfinding and contractual interpretation . . ." (Sanctions Order at 4.) Although, as this Court correctly noted, this is not a proper area of inquiry for a court on a motion to vacate an arbitration award, it was nonetheless necessary for Tele2 to respond with a significant degree of detail to Plaintiffs' skewed description of the facts in order to set the record straight. As the Court noted, "Plaintiffs' representations of what facts were undisputed and,

particularly, its selective quoting of the agreement in question, are disingenuous at best."

(Sanctions Order at 11.)

16.     In responding to Plaintiffs' motion, my team also needed to conduct

research and develop arguments to expose the flaws in Plaintiffs' various legal arguments

in support of their motion to vacate.[2]

17.     The work involved in responding to Plaintiffs' motion to vacate the Award

included, *inter alia*:

a)  reviewing the arbitration record, including briefs, witness statements, and hearing transcripts in order to become familiar with the underlying facts of the dispute, and to respond to Plaintiffs' many factual arguments and characterizations of the arbitration record;

b)  reviewing and analyzing Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Vacate Award of Arbitrators dated December 19, 2011, and preparing Tele2's Memorandum of Law in Opposition to Motion to Vacate and in Support of Cross-Motion to Confirm Arbitration Award and For The Award of Attorneys' Fees;

c)  reviewing and analyzing Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Confirm Arbitration Award and in Further Support of Plaintiffs' Motion to Vacate dated March 16, 2012, and preparing Tele2's Reply Memorandum in Further Support of Cross-Motion to Confirm Arbitration Award and for the Imposition of Attorneys' Fees;

d)  drafting a letter informing the Court that a decision cited in Tele2's briefing had been affirmed by the Second Circuit in the weeks following Tele2's submissions;

e)  drafting an e-mail to the Court dated May 30, 2012 opposing Plaintiffs' application to postpone the oral argument;

f)  preparing for and arguing Tele2's Cross-Motion to Confirm the Arbitration Award and for Attorney's Fees, and arguing in opposition to

2.  Plaintiffs argued that the Tribunal "(1) rewrote the contracts in question . . . and thus so imperfectly exercised their powers that an appropriate final award was not rendered; (2) manifestly disregarded the law regarding contract interpretation and the award of attorneys' fees; and (3) rendered a decision that was so inconsistent with the undisputed facts as to be irrational and which creates the strong inference of partiality or bias." (Sanctions Order at 3-4.)

Plaintiffs' Motion to Vacate, before the Honorable Richard J. Sullivan on June 5, 2012;

18.     The time allocations for the above tasks, through June 30, 2012, total:

a) John Fellas: 73 hours

b) Jennifer Hecht: 130.6 hours

c) Daniel Grossman: 158 hours

19.     Invoices sent to Tele2 containing Hughes Hubbard's monthly expenses related to its representation of Tele2 are attached hereto as Exhibit 5.

20.     The attorneys' fees Tele2 respectfully requests in this application exclude significant fees incurred by Tele2 in connection with this matter.  In addition to the work conducted by the core three person team, other Hughes Hubbard employees spent time assisting us in this matter, including junior attorneys conducting cite-checks, a litigation paralegal, the firm's managing clerk, and the firm's reference librarian.  In an effort to be conservative in this application, Tele2 does not seek to recover from Plaintiffs any of these fees.

21.     In addition, as the relationship partner for this client, I often do not bill the client for all of my time, especially when the work involved is primarily of a supervisory nature.  This is attested to by the fact that Ms. Hecht and Mr. Grossman from time to time have recorded on their time sheets that they have had communications with me, for which I did not record any time on my time sheets since I did not bill any time to such activity. Tele2 does not seek to recover from Plaintiffs any of these unbilled fees.

22.     Tele2 also does not seek recovery of certain other costs associated with the above legal work, including legal research services, transportation, and meals.

23.     Tele2's Swedish counsel, Mannheimer Swartling, also assisted my team by preparing materials summarizing the arbitration proceedings and the underlying facts that had been at issue during the arbitration, and responding to particular factual assertions made by Plaintiffs.  The assistance provided by Mannheimer Swartling was necessary given their intimate knowledge of the underlying arbitration and saved us considerable time and expense in preparing our submissions.  While Mannheimer Swartling's assistance was essential to Hughes Hubbard's representation of Tele2, and certainly resulted in Hughes Hubbard spending less time reviewing the underlying record than it might have had to otherwise, in an effort to be conservative in this application, Tele2 does not seek to recover from Plaintiffs any of Mannheimer Swartling's fees, which total approximately $53,625 when converted into U.S. dollars at current rates.

24.     In total, the fees reasonably allocable to the work conducted on this case that Tele2 respectfully seeks to collect in its application for attorneys' fees amounts to $228,899.00.  These costs are summarized in the following chart:

| Attorney | Hours Billed | Rate Per Hour | Cost |
|---|---|---|---|
| John Fellas | 73.00 | $850.00 | $62,050.00 |
| Jennifer Alpern Hecht | 130.60 | $715.00 | $93,379.00 |
| Daniel A. Grossman | 158.00 | $465.00 | $73,470.00 |
| **TOTAL FEES REQUESTED** | | | $228,899.00 |

## CONCLUSION

25.     For all the foregoing reasons, and the reasons set forth in all the papers supporting Tele2's Sanctions Motion, Tele2 respectfully requests that judgment be entered against Harris Beach for attorneys' fees as detailed herein.  Accordingly, Tele2

respectfully submits a proposed order attached hereto as Exhibit 1 in the amount of $228,899.00.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 13th day of September, 2012.

/s/ John Fellas
John Fellas